51 So.2d 33 (1951)
MARTIN
v.
STONE.
Supreme Court of Florida, en Banc.
February 23, 1951.
Rehearing Denied March 20, 1951.
*34 Sanders & McEwan, Orlando, for appellant.
M.W. Wells of Maguire, Voorhis & Wells, Orlando, for appellee.
CHAPMAN, Justice.
The plaintiff-appellant, Emily Hayes Martin, in her declaration alleged that on the 20th day of February, 1949, at about 8:15 P.M., Guy C. Stone, Jr., was operating defendant's automobile in the vicinity of East Colonial Drive and Orange Avenue in Orlando, Florida, and at the time and place she was walking on North Orange Avenue at the intersection of said street and had entered North Orange Avenue on a green signal. When she had progressed several feet at the said crossing the said Guy Christian Stone, Jr., operating the car of his father * * * turned from East Colonial Drive into North Orange Avenue and negligently and carelessly ran and propelled the car in and upon the plaintiff. As a result of being struck by the automobile the plaintiff was severely and grievously injured.
The case went to the jury on pleas: (1) not quilty and (2) the plaintiff was guilty of contributory negligence. The jury returned a verdict for the plaintiff-appellant in the sum of $10,000 and the trial court set the verdict of the jury aside and granted a new trial. The order granting a new trial recited: (1) the verdict is contrary to the evidence; (2) the verdict is contrary to law; (3) the verdict is contrary to the law and evidence; (4) the verdict is contrary to the weight of the evidence. Instructions identified as 14 and 16 the trial court concluded were erroneous. From this order plaintiff perfected an appeal to this Court.
It is the settled law in this State that a motion for new trial is addressed to the sound discretion of the trial Court. A stronger showing is required to reverse an order granting a new trial than one denying it. A legal presumption exists that the new trial was by the trial Court properly granted. When a trial court grants a new trial upon a motion which contains several grounds, then the review in this Court will be restricted to the grounds recited in the order granting the new trial. In the case at bar the motion below was granted on grounds 1, 2, 3, 4, 14 and 16. Blue & Gray Cab Co. v. Lowe, 143 Fla. 129, 196 So. 425.
Ground 1 of the order granting the new trial is viz.: The verdict is contrary to the evidence. It appears from the record that the plaintiff, at the time and place stated in the declaration, was passing from the west to the east side of North Orange Avenue (on a green light) where it intersects Colonial Drive. She had approached the center of Orange Avenue when struck by the defendant's car. She was removed from this point in the street and taken to her hotel and after being X-rayed it was learned that her left hip bone was broken and she suffered excruciating pains and was hospitalized for about three months. Miss Martin testified that the car driven by Guy C. Stone, Jr., struck her and knocked her down, and as a result her hip was broken.
Guy C. Stone, Jr., the driver of the car, testified that he did not strike the plaintiff with the car at the intersection but saw her in the street, applied the brakes and brought the car to a stop about three feet before reaching her. He admitted that Miss Martin fell to the pavement after he applied the brakes and prior to his getting out of the car and going to where she was sitting on the pavement. Stone's two companions riding on the front seat of the car corroborated his story and stoutly contended that the car did not strike the plaintiff, and one of plaintiff's witnesses testified that the car did not strike the plaintiff,  the theory of defense being that the plaintiff at the time and place fell and injured herself and for this reason there could be no recovery against the defendant.
This theory of the defense was sharply contradicted by the testimony of the physician called to treat the plaintiff. When confronted with this idea, the attending physician expressed the view that a fall to the ground alone would not have produced the injuries and broken bone in the plaintiff's hip, which required hospitalization from February until May and afterwards she suffered pain and used a crutch to walk with. For several months after the *35 injury she was unable to walk. It was the physician's opinion that a fall to the pavement as contended could not produce such injuries as were sustained by the plaintiff. Miss Martin testified that the automobile hit her and knocked her down. Disputes and conflicts in the testimony, under our system of administering justice, are for the jury under appropriate instructions. See Davis v. Equitable Life Ins. Co., 149 Fla. 678, 6 So.2d 842.
It is settled law that if there appears in the record substantial competent evidence in support of the verdict rendered, the same should stand and the trial court is without authority at law to substitute his conclusions based on the evidence for the views and conclusions of the jury impanelled and sworn to try the controverted issues of fact. It is true that a trial court may set a verdict aside and grant a new trial when it is shown that the jury was deceived as to the force and credibility of the evidence, or when the jury was influenced by considerations outside the record, but when no issue is involved but the sufficiency and the probative force of the evidence, the verdict should not be interfered with. It is error to grant a new trial when the verdict set aside is supported by the testimony appearing in the record and nothing can be accomplished except to have another jury review the cause. See Seaver v. Stratton, 133 Fla. 183, 183 So. 335. The record reflects sufficient competent evidence to support the verdict and there is no showing that it is clearly contrary to the manifest weight of the evidence. It is true that disputes and conflicts appear in the evidence, but it has not been established that the jury was motiviated by prejudice, passion, mistake or any other improper cause.
The Court below granted the new trial on the theory that instructions 14 and 16 as given by him were erroneous. Instruction 14 is viz.: "If you find from the evidence that the east-west traffic signal on Colonial Drive at the intersection of Orange Avenue at the time of this accident showed green, or, `go', and, if you find that the plaintiff pedestrian started across Orange Avenue or was proceeding across Orange Avenue in obedience to such signal, and, if you find that the defendant's vehicle was being turned from Colonial Drive south to Orange Avenue at such time, and, if you find that the plaintiff pedestrian was properly within the pedestrian crosswalk at such time, then it was the duty of the driver of the defendant's vehicle to yield the right of way to the pedestrian plaintiff. And if you find further that the driver of the defendant's vehicle failed to yield such right of way and that his failure to do so was the proximate cause of this accident and that the plaintiff was thereby injured and, if you find further that the plaintiff pedestrian was not guilty of contributory negligence which contributed in a substantial factor to the happening of the accident and her own injury, then you will find for the plaintiff." The trial Court's reason for holding instruction 14, supra, erroneous as stated in the order of new trial is viz.: "The charge complained of in ground 14 deprived the jury of the right to determine whether defendant's conduct constituted actionable negligence."
Another reason for granting the new trial was an alleged erroneous instruction as given and numbered 16 and is viz.: "You are charged that the violation of this ordinance by the operator of a motor vehicle is prima facie evidence of the negligent operation of such motor vehicle and if such failure to observe this ordinance is the proximate cause of an accident and the injury of a person and such person injured by such motor vehicle is not guilty of contributory negligence which contributes in a substantial manner to the happening of the accident, then the injured person is entitled to recover from the owner or operator of said motor vehicle. If you find from the evidence that the driver of the defendant vehicle did not, as a matter of fact, observe this ordinance by sounding the horn of the automobile and, if you find that the automobile was being turned from a direct course upon the highway and that the driver knew or, in the exercise of reasonable care should have known, that the pedestrian plaintiff would be affected by such movement of the defendant's vehicle, and, if you find that the failure of the driver of the defendant's vehicle to observe the City of *36 Orlando ordinance requiring the sounding of a horn under such circumstances was the proximate cause of this accident; and if you further find that the plaintiff was not guilty of negligence which contributed in a substantial manner to the happening of the accident and her injury, then you will find for the plaintiff." The reason for holding instruction 16 erroneous as set out in the order is viz.: "After a careful study I believe the charge should have been that if the jury found that the driver had so violated the ordinance in question that would constitute prima facie evidence of negligence and if they further found that the violation was the proximate cause of plaintiff's injury and that she was injured as alleged (that is being struck by defendant's car) and did not find plaintiff guilty of contributory negligence, the jury should find for the plaintiff."
Grounds 2, 3, 4, 14 and 16 of the motion for a new trial may be considered as a single assignment. We have held that this Court is passing upon a single instruction, such instruction must be considered in light of all other instructions as giving bearing upon the same subject, and, if when so considered, the law appears to have been fairly presented to the jury, an assignment based on the instruction must fail. Baston v. Shelton, 152 Fla. 879, 13 So.2d 453; Greiper v. Coburn, 139 Fla. 293, 190 So. 902; Haddock v. State, 141 Fla. 132, 192 So. 802. A single instruction is not required to contain all the law relating to one subject and all other instructions relating to the same subject must be considered in connection with the instructions asserted to be erroneous. Toll v. Waters, 138 Fla. 349, 189 So. 393, and Becker v. Blum, 142 Fla. 60, 194 So. 275.
Other instructions now in the record and given to the jury below bearing on the same subject as set forth in instructions 14 and 16 must, under the rule in Baston v. Shelton, supra, be considered in light of instructions 14 and 16, and these pertinent instructions are viz.:
"* * * the burden is upon the plaintiff to establish by a preponderance of the evidence to the reasonable satisfaction of the gentlemen of the jury, and each of you, that the plaintiff was a pedestrian as alleged; that the defendant's automobile was negligently and carelessly driven and propelled into and upon the plaintiff; that the automobile struck the plaintiff and that the negligence of the defendant caused injuries to the plaintiff; and she must establish the amount of loss, if any, sustained by her by reason thereof."
"You are charged that as a matter of law that the driver of a motor vehicle at an intersection is bound to observe pedestrians who are exercising the right of crossing the highway and to take reasonable care not to injure them. If you find from the evidence that the driver of the defendant's vehicle did not take timely notice of the pedestrian plaintiff immediately before this accident, and, if you find that in the exercise of reasonable care he should have noticed the pedestrian sooner and, if you find that his failure to notice the pedestrian plaintiff sooner constituted negligence and was the proximate cause of this accident; and if you further find that the plaintiff pedestrian was not guilty of contributory negligence which contributed in a substantial manner to the happening of the accident, then you will find for the plaintiff."
"The Court charges you that a traffic ordinance of the City of Orlando provides that when the light from an automobile traffic signal shows green or go, vehicular traffic passing the signal may proceed straight through or turn right or left unless a sign at such place prohibits such turn but that vehicular traffic yield the right of way to other vehicles and to pedestrians lawfully within the intersection at the time such signal is exhibited and that pedestrians facing the signal may proceed across the right of way within any marked or unmarked crosswalks."
"A traffic ordinance of the City of Orlando provides that no person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving a clearly audible signal by sounding the horn, if any pedestrian may be affected by such movement."
"The rights of pedestrians and motor vehicles in a public street are equal and a *37 pedestrian and a motorist must act with due regard to the movements of the other. In order to exercise ordinary care one must employ his or her faculties to observe and discover danger and if the danger is visible and obvious, or, if the surrounding circumstances and conditions are such as to indicate the presence of danger to a reasonable or ordinarily careful and prudent person and a failure to discover visible and obvious dangers amounts to want of ordinary care and if you find from the evidence that the surrounding circumstances and conditions were such as to indicate the presence of danger to a reasonable or ordinarily careful and prudent person and that the plaintiff negligently failed to discover such visible and obvious dangers and thereby proximately contributed as a substantial factor to her own injuries you must return a verdict for the defendant. You cannot justly return a verdict for the plaintiff unless the evidence is of such a nature as to produce a reasonable belief of the facts essential to the verdict. In other words, the evidence should not only preponderate in favor of the verdict, but should produce in the minds of the jury a reasonable belief of the facts essential to the verdict."
"A pedestrian crossing a public street from west to east at an intersection within the marked cross-walk when the traffic control signal was in operation and the east and west light was green and the north and south light red, until put on notice to the contrary, was entitled to assume that a vehicle traveling from the east to the west and making a left turn into the intersection in order to proceed south would yield the right of way to the pedestrian and that the driver of such vehicle would exercise reasonable care as was required to avoid injuring the pedestrian."
As we study the record, the trial court did not rule on the question of plaintiff's alleged contributory negligence at the street intersection when injured, although some space in appellee's brief is devoted to this question. The instructions of the trial court in the record to the jury on the question of contributory negligence are clear and accurately state the law. Under our adjudications contributory negligence is an affirmative defense and should be pleaded and the burden of establishing this defense rests on the defendant by a preponderance of the evidence. Contributory negligence is a question for the jury under appropriate instructions. Zaring & Co. v. Dennis, 155 Fla. 150, 154, 19 So.2d 701.
Since all the instructions on the subject as given must be considered as a whole and when considered as a whole they sufficiently apprise the jury of their province under the issues made by the pleadings so that the jury in its deliberation can fairly and impartially arrive at a verdict, then the instructions upon the law are considered ample. The trial court's criticism of charges 14 and 16, at the most, is nothing more than harmless error and legally insufficient to disturb the verdict of the jury. For the error pointed out the order granting a new trial is reversed.
TERRELL, ADAMS and ROBERTS, JJ., concur.
SEBRING, C.J., and THOMAS and HOBSON, JJ., dissent.