61 So.2d 428 (1952)
MEAD
v.
BENTLEY et al.
Supreme Court of Florida, Division A.
November 14, 1952.
*429 Clayton, Arnow, Duncan & Johnston, Gainesville, for appellant.
Bentley & Shafer, Lakeland, for appellees.
HOBSON, Justice.
Bentley and Shafer, who are attorneys at law, instituted this action against Ralph V. Mead. In their complaint they allege that Mead, through his duly authorized agent, had employed them to represent him in connection with a General Court Martial judgment and sentence entered against him while a member of our armed forces stationed in Italy during World War II. Mead filed an answer denying the alleged employment. Upon a trial the verdict of the jury was in favor of Mead. Appellees herein made a motion for enlargment of time within which to file a motion for a new trial which motion was granted. A motion for a new trial was filed with the Clerk of the Court within the extended period of time allowed by the Court for that purpose. The motion for new trial was not presented to, or filed with, the judge nor, so far as the transcript of record discloses, was it or the reasons therefor placed on the motion docket prior to the expiration of the period allowed by the court within which appellees might file the motion for a new trial.
The court denied a motion to strike the motion for a new trial which motion to strike was predicated upon the ground that said motion had not been seasonably presented to the trial judge in person. The said judge entertained the motion for a new trial and granted said motion upon the ground that the verdict of the jury was contrary to the weight of the evidence. Mead then instituted this appeal.
Two questions are presented for our consideration: (1) Under 30 F.S.A. Common Law Rule 41 is it necessary that a motion for a new trial in a common law action be actually presented personally to, and filed with, the trial judge, or is the filing of such a motion with the Clerk of the Court sufficient compliance with new Common Law Rule 41? (2) Did appellant make the strong showing required of him to convince this Court that the trial judge committed error in granting the motion for a new trial?
The first of the two questions posed for our consideration has been resolved adversely to appellant's contention by our opinion in the case of Hillsboro Plantation, Inc. v. Plunkett, 59 So.2d 872. In that case we cited the several decisions of this Court in which we interpreted Section 54.24, F.S.A. This statute was in effect prior to the time that it was superseded by Rule 41 of Florida Common Law Rules. Said rules became effective January 1, 1950. We determined in the aforementioned case to recede from our prior holdings *430 to the effect that it was necessary that a motion for a new trial in a common law action be presented personally to, and filed with, the trial judge and that if this were not done the trial court would not have jurisdiction to entertain the motion for a new trial. We gave our reasons for placing a new and different construction upon Rule 41 of the Florida Common Law Rules than that which we had given to Section 54.24, F.S.A.
We compared Rule 41, supra, with Section 54.24, supra, and decided that there was no real or substantial difference in the language used in each of them. In this case appellees have directed our attention to the significant fact that Common Law Rule 41 does not contain the following wording, which did appear in Section 54.24, F.S.A:
"In all cases of extension of time for making such motions, a copy of the motion to be presented to the judge shall be served on the opposite party, or his attorney, with three days' notice of the time and place that the same will be presented and heard." (Italics supplied.)
Section (c) of Common Law Rule 41 provides "The party calling the motion up for a ruling shall give his adversary 3 days' notice of the time and place that the same will be heard." (Italics supplied.) Thus it will be seen that under Rule 41 the only notice required to be given to an adversary is the three day notice of the time and place of the hearing on the motion for a new trial. Section 54.24, F.S.A. provided that three days notice should be given to the opposite party, or his attorney, not only of the time and place that the motion would be heard but of the time and place that said motion would be, as we think, needlessly presented manually to the judge. Since Rule 41 does not require any notice of the time and place of the presentation of the motion to the judge, it follows that if such presentation were required it would take place at an ex parte hearing and no useful purpose could be served nor could any right of an adverse party be protected by the trial judge placing his endorsement and certification upon the motion. We think it is clear that Rule 41 was intended to aid in expediting rather than to encourage prolongation of litigation. It should not be construed in such manner as to require the performance of useless, meaningless acts which amount only to empty gestures and tend but to delay the administration of justice and add unnecessarily to the burdens of busy trial judges.
We are of the opinion that no sound reason exists which would justify us in interpreting the rule to require the filing with, and the personal presentation of a motion for a new trial to, the trial judge. We believe that our present construction of Rule 41 is consonant with the modern trend to expedite the judicial processes and that no harm from such construction can flow to any litigant. Consequently, we adhere to our recent holding in the case of Hillsboro Plantation, Inc. v. Plunkett, supra. It is not now necessary under Rule 41, supra, that a motion for a new trial in a common law action be filed with and presented to the trial judge either within the four days allowed within which a motion for a new trial may be filed or within an extended period not to exceed fifteen days which the trial judge may in his discretion grant.
In connection with the second question now before us for determination we have carefully examined the testimony as it is set forth in the transcript of record and we have failed to find that the appellant has made the strong showing which is required of him to persuade this Court to reverse the trial judge's order granting a new trial. We have repeatedly held that a motion for a new trial is addressed to the sound judicial discretion of the trial judge and that a legal presumption exists that the trial judge acted properly in granting a new trial. We have on more than one occasion heretofore decided that when a new trial is granted by the trial judge it requires a stronger showing to reverse such order than if the order had been one denying a new trial. Martin v. Stone, Fla., *431 51 So.2d 33; Dent v. Margaret Ann Super Markets, Fla., 52 So.2d 130 and Florida Coastal Theatres, Inc. v. Belflower, 159 Fla. 741, 32 So.2d 738.
It follows that our judgment should be and it is one of affirmance.
Affirmed.
SEBRING, C.J., and TERRELL and THOMAS, JJ., concurring.