81 So.2d 721 (1955)
Floyd TURNER, Appellant,
v.
Lillian FREY, Appellee.
Supreme Court of Florida. Special Division B.
July 20, 1955.
Bucklew & Ramsey, Tampa, for appellant.
Robert J. Fishkind and Norman S. Allen, Tampa, for appellee.
ROBERTS, Justice.
The defendant has appealed from an adverse verdict and judgment in a tort action filed against him by plaintiff on account of an alleged personal assault by defendant. He contends here that the trial judge erred in refusing to direct a verdict in his favor at the close of all the evidence and, in the alternative, that he is at least entitled to a new trial. We think the latter contention must be sustained.
In his order denying the defendant's motions, the trial judge said:
"The evidence adduced was in direct conflict, the plaintiff giving one version of what happened and the defendant, bolstered by the testimony of two other witnesses, gave a version entirely at variance from what was set up in her [the plaintiff's] testimony. I am free to say that had I been on the jury in this case, I would have found a verdict for the defendant, as both the physical facts and the corroborating testimony show that the matter could not have happened as was claimed by the plaintiff, but the jury chose to believe the plaintiff, and as I understand the rule, the *722 Circuit Judge, even on a Motion for a New Trial, does not have the power to substitute his opinion of the facts for the opinion of the jury as expressed in the jury's verdict.
"* * * As I understand the rule with reference to a motion for a directed verdict, if there is any evidence upon which a jury can find a verdict for the plaintiff, it would be error to direct a verdict against the plaintiff. There was certainly evidence in this case upon which the jury could find the verdict which they did find. It would therefore have been error, in my opinion, to have directed a verdict for the defendant, either at the time it was made, or at this time, and even though I feel that the verdict of the jury is not a correct verdict, I cannot say that I think it was rendered purely as a matter of sympathy, and consequently, although I am in disagreement with the verdict, the rule which prevents me from substituting my opinion for the jury's opinion requires me in this case to deny the Motion for a New Trial."
The plaintiff testified that the defendant hit her while she was caught between a door and the door jamb, after he had forcefully closed the door upon and against her. The defendant and his witnesses admit that some kind of altercation occurred between the plaintiff and the defendant at the doorway, although defendant and one of his witnesses (an eyewitness to the encounter) deny that he slammed the door on her or hit her. We cannot properly evaluate the remark of the trial judge, quoted above, that "the physical facts and the corroborating testimony show that the matter could not have happened as was claimed by the plaintiff," since we do not have the benefit of the diagram  showing the rooms and doors and furniture arrangement  which served as a backdrop for the testimony of the witnesses. We do glean from the record, however, that it would have been possible for the defendant to have slammed the door upon plaintiff, even though the physical facts were such as to make it improbable that he struck her at a place on her body identified by the record only as "here".
Since the trial judge found, and we agree, that "There was certainly evidence in this case upon which the jury could find the verdict which they did find," it was not error to refuse to direct a verdict in defendant's favor under the rule stated in Talley v. McCain, 128 Fla. 418, 174 So. 841, 842, that "The court should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law." But, as pointed out in the Talley case, supra, "* * * although a motion for a directed verdict for one party may be denied, yet in the same case if the trial court is of the opinion that the verdict does not accord with the manifest weight of the evidence and the substantial justice of the cause, a new trial should be granted." We think the situation here is similar to that with which we were concerned in Seaboard Air Line Railway v. Anderson, 73 Fla. 1, 73 So. 837, 838, where the trial judge denied a motion for new trial, although opining in his order that "`It seems to the court that it is most improbable from the evidence, that the fire was caused by the defendant.'" In reversing the order denying the motion for a new trial, this court said:
"If the court considered the liability of the defendant `most improbable from the evidence,' then he obviously had `difficulty in reconciling the verdict with the justice of the case and the manifest weight of the evidence.' This being so, the defendant had a right to the benefit of such judicial opinion of the trial court, making it the duty of the court to grant a new trial. * * * The judgment is reversed, and a new trial granted."
We think that there can be no doubt that the trial judge in the instant case had the view that the verdict was not in accord with the manifest weight and probative force of the evidence. In these circumstances, it was his duty to grant the defendant's motion for a new trial. Talley v. McCain, supra. See also Tampa Waterworks *723 Co. v. Mugge, 60 Fla. 263, 53 So. 943, cited in Richbourg v. Hilton, Fla. 1952, 56 So.2d 539.
For the reasons stated, the judgment is reversed and the cause remanded for a new trial.
DREW, C.J., and THOMAS and THORNAL, JJ., concur.