WIGGINTON, Chief Judge.
This appeal is from a final judgment entered upon a jury verdict directed by the court in favor of defendants at the dose of plaintiff’s evidence. The principal point urged by appellant questions the correctness of the trial court’s order directing the verdict in defendant’s favor, and entering final judgment thereon.
The action filed by appellant is one for malicious prosecution. In the Wilson case this court held that in order to prevail in an action of this kind, the burden rests on plaintiff to prove by a preponderance of the evidence the following essential elements of the offense: (1) The commencement or continuance of an original civil or criminal judicial proceeding; (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) Its bona fide termination in favor of the present plaintiff; (4) The absence of probable cause for such proceedings (S) The presence of malice therein; (6) Damage conforming to legal standards resulting to plaintiff.[1]
Following argument by counsel on defendants’ motion for directed verdict at the conclusion of plaintiff’s case, the court announced that it was of the opinion that plaintiff had failed to establish by proof at least one of the essential elements to sustain this type of case, that being the absence of probable cause for the issuance of the warrant in the first instance.
No useful purpose will be served by detailing the evidence adduced by plaintiff *491 at the trial. It is sufficient to say that we have carefully examined the record and find sufficient competent evidence from which the jury could have reasonably concluded that defendants had no probable cause to believe or suspicion that plaintiff had committed the criminal act which formed the basis of the prosecution initiated by defendants that terminated in plaintiff’s favor. It was this criminal prosecution which formed the basis of the suit for malicious prosecution.
We therefore hold that the trial court committed error in directing a verdict in favor of defendants at the close of plaintiff’s evidence.[2] The judgment appealed from is accordingly reversed and the cause remanded for further proceedings.
Reversed.
STURGIS and CARROLL, DONALD K., JJ., concur.

. Wilson v. O’Neal, Fla.App.1960, 118 So.2d 101.

. Turner v. Frey, Fla.1955, 81 So.2d 721.