PER CURIAM.
The plaintiffs appeal from a final judgment for the defendant entered upon defendant’s motion to have the verdict for plaintiffs set aside and for judgment in accordance with defendant’s motion for a directed verdict. During the -trial, at which the plaintiffs received their verdict at the hands of the jury, the trial judge denied defendant’s motion for a directed verdict which was made at the close of plaintiffs’ case, but reserved ruling upon the motion made at the close of all the evidence.
The final judgment appealed set forth certain grounds for the action of the court. They were as follows:
“ * * * the Court having considered all of the testimony heard by the Court during the presentation of the evidence in this case, and the Court being of the opinion that the testimony presented by the plaintiffs and their witnesses was so fraudulent and false as to lack probative value, and the Court specifically noting: that Bertha Kaufmann advised the Court appointed physician during an examination ten days before the trial that she had no knowledge whatsoever what caused her to fall; and the plaintiff, Bertha Kauf-mann, further testifying on deposition ten days before trial on three different occasions therein that her sister-in-law, Jean Kaufmann, was walking towards the rear of the bus at the time that the accident occurred; and the plaintiff, Bertha Kaufmann, further testifying that she had never discussed the cause of the accident with Jean Kaufmann on any occasion since the accident; and the plaintiff, Maurice Kaufmann, testifying that he had paid in full the medical bill of the attending physician in Chicago, whereas the said physician testified on deposition that his bill had not been paid; and the witness, Jean Kaufmann, testifying that she was facing the front of the bus, arising from her seat, and that the bus driver stopped the bus suddenly for a red light, notwithstanding the fact that Bertha Kaufmann had stated that Jean Kauf-mann was proceeding towards the rear of the bus; and the witness, Jean Kauf-mann, having testified that she reported the accident by long distance telephone to Maurice Kaufmann whereas Maurice Kaufmann had testified under oath that he had no knowledge of the accident until his wife and sister-in-law returned to Chicago, and the Court further being of the opinion that the manifest weight of the probative evidence established the defense of the defendant as a matter of law, *
It is apparent that this case falls squarely within the holding of Leslie v. Atlantic Coast Line Railroad Company, Fla.App.1958, 103 So.2d 645, 647, wherein the District Court of Appeal (First District) pointed out that:
“Having read the testimony in the record and the judge’s statement above-quoted, we are convinced that the judge in granting the motion for a directed verdict in each case invaded the province of the jury, the rightful trier of the facts. As revealed in his statement, not only did the judge obviously weigh the evidence, in much the same way as the jury might be expected to do, but he discredited the testimony of one of the chief witnesses for the plaintiff because of a prior inconsistent statement.
*769 “It is our opinion, therefore, that the motion for a directed verdict should not have been granted in either case and that the judgments for the defendant in the two cases should be and they are reversed, and each case is remanded for a new trial by jury.”
Since a review of the record reveals no other sufficient ground upon which the final judgment can be sustained, it must be reversed. Further the cause is remanded for a new trial in accordance with the holding of the Supreme Court of Florida in Cloud v. Fallis, Fla.1959, 110 So.2d 669, 673, wherein the Court pointed out the duty of a trial judge when he concludes that the verdict is against the manifest weight of the evidence, as follows:
“When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, Martin v. Stone, supra [Fla., 51 So.2d 33]; Turner v. Frey, supra [Fla., 81 So.2d 721]; Myers v. Atlantic Coast Line Railroad Co., Fla., 86 So.2d 792; Florida Publishing Co. v. Copeland, Fla., 89 So.2d 18.”
Therefore, pursuant to the authority vested in this Court by § 59.34, Fla.Stat., F.S.A., to give such judgment as the trial court should have given, the judgment is reversed and a new trial is ordered granted.
Reversed and remanded.