HENDRY, Judge.
This is an appeal from an order of the circuit court of Monroe County, Florida, granting a new trial on the grounds that the jury verdict “was contrary to the manifest weight of the evidence * * * and that the verdict was so contrary to the evidence as to indicate improper decision on the part of the Jury in that it acted through sympathy * *
The action was to recover damages for injuries sustained by the appellant, a seven-year-old minor, when injured by the explosion of a dynamite cap. The cap exploded in the minor’s hand causing, inter alia, the loss of the end of the fourth finger on his right hand.
The record reveals that the appellant-minor’s eleven-year-old brother, Dennis, had been visiting a friend, Glen, at a weekend house owned by Glen’s family; that the defendant owned a rock pit and sand pile on premises located across the highway from Glen’s house; that the two boys were playing on the defendant’s property when they observed a shack marked by danger signs which they knew contained dynamite; that nearby they found a locked orange plywood box; that the boys pried the box open and found dynamite caps; that Dennis took a number of the dynamite caps and put them in his dufflebag; that Glen took some caps but returned them because he was afraid he would get in trouble; that when Dennis returned home from his visit, he had the caps with him; that after hiding them for awhile, Dennis asked his brother, the minor-plaintiff, to bring the caps to their room; that the dynamite caps were brought to the boys’ room, and that the explosion occurred when the appellant-minor touched an electric battery to the dynamite cap.
After trial was had, at which time only the plaintiffs presented any witnesses, the jury returned verdicts of $8,000 for the minor child and $553 (the amount of the medical bills) for the boy’s father. Subsequently, the defendant moved for a directed verdict and a new trial. The court then entered the order granting the new trial.
 It would be useless in this opinion to discuss this court’s views of the weight and sufficiency of the evidence in view of our limited scope of review. The role of an appellate court, in reviewing an order granting a new trial on grounds such as are involved in the case at bar, has been perspicuously set forth by the Supreme Court in the case of Cloud v. Fallis, Fla. 1959, 110 So.2d 669. The court stated at page 673:
“When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to- grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, Martin v. Stone, supra [Fla., 51 So.2d 33], Turner v. Frey, supra [Fla., 81 So.2d 721], Myers v. Atlantic Coast Line Railroad Co., Fla., 86 So.2d 792; Florida Publishing Co. v. Copeland, Fla., 89 So.2d 18.
“Inasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused. Dent v. Margaret Ann Super Markets, Fla., 52 So.2d 130; Geffrey v. Langston Const. Co., Fla., 58 So.2d 698; Pyms v. Meranda, supra [Fla., 98 So.2d 341].”
Upon careful review of the record, we find that it has not been shown that the learned trial judge abused his discretion. Accordingly, the order granting the new trial is affirmed.
Affirmed.