CARROLL, DONALD K., Judge.
The plaintiff in an automobile negligence action has appealed from an order entered by the Circuit Court for Volusia County vacating a jury verdict in his favor and granting the defendant’s motion for a new trial.
The real question before us for determination in this appeal is whether, under the established rules governing the appellate review of a trial court’s order granting a motion for a new trial, we should hold that the said Circuit Court abused its broad discretion in setting aside the said jury verdict and ordering a new trial. A subsidiary issue within that question involves the nearly unique point of the legal effect to be given a statement made in open court by the foreman of the jury that apparently revealed the jury’s attitude and reaction to certain instructions.
In accordance with the requirement in Rule 2.8 of the Florida Rules of Civil Pro *186 cedure, 31 F.S.A., the trial court set forth in the order appealed from its grounds for granting the new trial, as follows:
“1. The Court is of the opinion and finds that the jury, in reaching its verdict in this cause, acted through sympathy or mistake; that the verdict rendered is contrary to the manifest weight and probative force of the evidence and the justice of the cause; and that the verdict is contrary to the law governing said cause.
“2. The Court committed error prejudicial to the Defendant by admitting, over the objection of the Defendant, certain sections of Chapter 186, Florida Statutes, 1961 [F.S.A.], the Florida Model Traffic Ordinance, in the absence of proof that as of the date of the accident which is the subject of this suit such sections had been adopted by the municipality wherein said accident occurred, as authorized by Section 186.02, Florida Statutes, 1961. * * *
“3. The Court committed error prejudicial to defendant by failing to further instruct the jury as to the verdict it should return in the event said jury determined Plaintiff to be guilty of contributory negligence when such instruction was requested by the jury foreman.
“At the trial of this action, the principal questions to be determined by the jury were the questions of negligence of the Defendant, contributory negligence of the Plaintiff, and, if necessary under the instructions given by the Court, the question of damages. After the jury had retired to deliberate its verdict, the jury returned to ask for additional information and the foreman of the jury asked the following question:
“ 'We are a little bit in doubt here. We find that both parties are to blame, but we still don’t like to see Mr. Ford go without any compensation, so what form should we fill out?’
After considering the question and the previous instructions given jury by the Court, it was the conclusion of the Court at that time that this question, had previously been covered by the-Court in its instructions and that no-further instruction should be given.. After further considering the question, asked by the jury, together with the applicable law, the instructions given, by the Court, the education and intelligence of the members of the jury, and-the verdict ultimately returned by the-jury, the Court is now of the opinion that the jury was confused or misled, by the instructions given by the Court as to the effect of contributory negligence and as to the form of verdict to. be signed by them in the event it was. found that Plaintiff was guilty of contributory negligence. In the interest of substantial justice and in the interest of affording both parties a fair trial,, the Court is of the opinion that additional instruction should have been given on these points in accordance with the request by the foreman of the jury.
“4. One of the last instructions given to the jury by the Court before the jury retired to deliberate its verdict was an explanation of the meaning of the words ‘not guilty’ in the form of verdict in favor of Defendant. The Court instructed the jury that the words ‘not guilty’ did not mean that Defendant was ‘not guilty’ of negligence. The Court is of the opinion that the jury was misled or confused by--this statement of the Court which leaves the impression that the jury could not return a verdict in favor of Defendant unless it found the Defendant ‘not guilty’ of negligence.
“5. The Court is of the opinion and finds that Defendant did not receive a fair trial because she was misled in *187 preparing her case by answers made by Plaintiff under oath to certain interrogatories propounded by Defendant relating to the filing of income tax returns. * * *
“6. The Court is of the opinion and finds that the verdict in favor of Plaintiff is based upon sympathy which the jury felt for Plaintiff. Such sympathy was expressed by the foreman of the jury when he said, ‘We find that both parties are to blame, but we still ■do not like to see Mr. Ford go without .any compensation(Emphasis not added.)
The “Mr. Ford” referred to in the above-quoted statement of the jury foreman was, of course, the plaintiff-appellant, Lewis K. Ford.
If the record before us appears to us to justify the trial court’s order on any one or more of the above six grounds, our duty, under the established rules, will be to affirm the said order.
In considering the validity of the order appealed from herein, this court, like other appellate courts in this state, is governed by the rules long recognized by the Supreme Court of Florida as applicable to the appellate review of trial courts’ orders granting new trials. The leading case in which these rules were laid down is Cloud v. Fallis, 110 So.2d 669 (1959), wherein the Supreme Court of Florida held:
“When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, Poindexter v. Seaboard Air Line R. Co., Fla., 56 So.2d 905, Mead v. Bentley, Fla., 61 So.2d 428, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached, Pyms v. Meranda, Fla., 98 So.2d 341.
“When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, Martin v. Stone, supra, [Fla., 51 So.2d 33], Turner v. Frey, supra, [Fla., 81 So.2d 721], Myers v. Atlantic Coast Line Railroad Co., Fla., 86 So.2d 792; Florida Publishing Co. v. Copeland, Fla., 89 So.2d 18.
“Inasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused. Dent v. Margaret Ann Super Markets, Fla., 52 So.2d 130; Geffrey v. Langston Const. Co., Fla., 58 So.2d 698; Pyms v. Meranda, supra.
“The burden to make error clearly appear is on the appellant. Although when such an attempt is made the record must be examined by the appellate court, the assailant cannot content himself simply to submit the record and expect the order to be upset if the reviewing body finds, in cold type without benefit of any of the circumstances known to the trial judge, and never to be known to the appellate court, that there appears to be some ‘substantial competent evidence’ supporting the verdict.”
The doctrine recognized in Cloud v. Fallis, supra, and in many other decisions of the appellate courts of this state, does not mean that there is no area left for the appellate review of a trial court’s order granting a new trial, as we pointed out in Erwin v. Chaney, 160 So.2d 139 (Fla.App.1964), and as the Supreme Court of Florida indicated in Russo v. Clark, 147 So.2d 1 *188 (1962). Nevertheless, the said doctrine, as recognized and applied in numberless decisions of our appellate courts, does have the effect of endowing a trial court with a very-broad discretion in the matter of granting a motion for a new trial. Such a discretion is a natural and logical one since the trial judge has the advantage of sitting personally at the trial and seeing and hearing at first hand the witnesses, lawyers, court personnel, and jurors. The trial judge is thus in a much better position than an appellate court (which is confined in its consideration to the so-called “cold record”) in determining whether any improper influence entered into the trial proceedings and whether the trial was a fair one to all parties involved.
Examining the record before us in the light of our power of appellate review under the doctrine in Cloud v. Fallis, supra, we cannot find that the trial court abused its very broad discretion in setting aside the jury verdict and ordering a new trial. In fact, we think that the court exercised a sound judicial discretion in so ruling.
While the order appealed from must be affirmed if justified by any one of the six grounds stated therein, we think that the said order finds its strongest support in the points embraced within the first, third, and sixth grounds, especially when these three grounds are considered together, as we do below.
The most vital, if not the most sacred, responsibility of trial and appellate courts under our system of justice is to assure that every litigant, without exception, is accorded a fair trial or hearing of his claims or defenses. Each court must be unceasingly alert to see that no improper influence enters such proceedings. This responsibility is particularly vital and demanding in trials before juries, which are composed of laymen untrained in the law and which have the priceless power of determining issues of fact in actions at law under our system. It is equally basic and essential that such determination must be made in harmony with the law as given in the trial court’s instructions. If in any case a jury ignores an instruction on the law, either intentionally or through misunderstanding, our whole theory of trial by jury and justice under the law fails in that instance.
Applying the foregoing principles to the record before us in the present appeal, we find that the two great issues of fact for the jury’s determination at the trial were whether the defendant was guilty of negligence in the operation of her . automobile proximately causing the collision with the plaintiff’s automobile at an intersection in the City of DeLand, Volusia County, and whether, if so, the plaintiff is barred from recovery because he was guilty of negligence in the operation of his automobile, negligence proximately contributing to his injuries.
The first question was raised as an issue in the plaintiff’s complaint and the second question was raised by the defendant in one of her defenses in his answer to the complaint.
The rule is too well and firmly established in Florida to require a citation of supporting authorities, that a plaintiff in an action for negligence is barred from recovering damages against the defendant if the plaintiff is guilty of contributory negligence—that is, negligence proximately contributing to his injuries—even if the defendant is also found guilty of negligence. The last-mentioned rule was satisfactorily explained by the trial court in its instructions to the jury in the case at bar.
The timetable of the events occurring on the second and last day of the trial in the instant case is interesting and significant in the present consideration. One hour and seven minutes after the jury had retired to consider its verdict, it returned to the courtroom, and the foreman made the statement in open court referred to in grounds three and six in the order appealed from. The foreman’s extraordinary statement, to re *189 peat, is as follows: “Yes, we are a little bit in doubt here. We do find that both parties are to blame, but we still don’t like to see Mr. Ford go without any compensation, so what form should we fill out ?”
We agree with the assertion made by the trial court under the third ground of the order appealed from that it should have given additional instructions to the jury after hearing the foreman’s statement in “the interest of substantial justice and in the interest of affording both parties a fair trial * * *” on the subjects of the form of verdict and the effect of contributory negligence, as the jury was evidently confused by the instructions on that subject.
Instead of giving further instructions after hearing the foreman’s statement, the trial court told the jury that the court had already instructed the jury upon the question asked by the foreman, so they should retire to the jury room and find a verdict on one of the two forms and according to the instructions heretofore given them. The court also instructed the jury that it was not foreclosed from asking further questions of the court. The jury then retired for the second time at 5 :31 p. m. and returned to the courtroom at 6:05 p. m., 34 minutes later, with its verdict against the defendant and assessing the plaintiff’s damages in the amount of $10,000.
It is rare indeed, if not unique in the annals of jurisprudence, that the courts have had an opportunity like that in the present case to determine positively upon the trial record itself that a jury, whose deliberations have traditionally been veiled in utmost secrecy, is laboring under such a misunderstanding of the law given it by the trial court, that one of the parties will likely be deprived of their right to justice under the law.
In innumerable cases a trial court’s granting of a new trial has been upheld on appeal upon the basis of the said court’s inference from the proceedings at the trial that the jury had been subjected to and affected by some prejudicial influence.
In the first ground of its order in the instant case, the trial court found that the jury in reaching its verdict “acted through sympathy or mistake * * We think that the record in this cause justifies this finding, especially in view of the very broad discretion possessed by the trial court under Cloud v. Fallis, supra—even without the positive support for that finding supplied by the revelation in the foreman’s said statement. But the statement is there and may be considered by the trial court and this court as support for such finding, as the trial court did in its sixth ground of its order, quoted above.
For the foregoing reasons we hold that the trial court well exercised its judicial discretion in entering the order appealed from, so that order must be and it is
Affirmed.
STURGIS, C. J., and RAWLS, J., concur.