CARROLL, DONALD K., Acting Chief Judge.
The petitioner in a condemnation action has appealed from an order entered by the Circuit Court for Duval County granting a new trial.
The principal question presented for our determination in this appeal is whether the said court abused its judicial discretion in entering that order on the stated grounds that the verdict was contrary to the evidence and that the compensation awarded in the verdict was below the lowest value fixed by the evidence.
The appellant instituted this condemnation action in the said court against a number of defendants, including the two appellees, Clayton C. Winters and Grace Winters, his wife, whose land was part of a tract of land fronting on a certain creek in Duval County, thus cutting off the remainder of the appellees’ land from access to the creek.
Our authority to review a trial court’s order granting a new trial is bounded by *501 certain rules firmly established in the jurisprudence of this state.
The landmark decision in Florida that delimits the authority of an appellate court in reviewing an order of a trial court granting a new trial is Cloud v. Fallís, 110 So.2d 669 (1959), in which our Supreme Court said:
“When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, Poindexter v. Seaboard Air Line R. Co., Fla., 56 So. 2d 905, Mead v. Bentley, Fla., 61 So.2d 428, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached. Pyms v. Meranda, Fla., 98 So.2d 341.
“When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, Martin v. Stone, supra [Fla., 51 So.2d 33]; Turner v. Frey, supra [Fla. 81 So.2d 721] ; Myers v. Atlantic Coast. Line Railroad Co., Fla., 86 So.2d 792; Florida Publishing Co. v. Copeland, Fla., 89 So.2d 18.
“Inasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused. Dent v. Margaret Ann Super Markets, Fla., 52 So.2d 130; Geffrey v. Langston Const. Co., Fla., 58 So.2d 698; Pyms v. Meranda, supra.
“The burden to make error clearly appear is on the appellant. Although when such an attempt is made the record must be examined by the appellate court, the assailant cannot content himself simply to submit the record and expect the order to be upset if the reviewing body finds, in cold type without benefit of any of the circumstances known to the trial judge, and never to be known to the appellate court, that there appears to be some ‘substantial competent evidence’ supporting the verdict.”
In Garvin v. State Road Department, 149 So.2d 869 (1963), this court was confronted with a factual situation fairly analogous to that in the case at bar. In the Garvin case the final judgment appealed from was entered based upon a jury verdict which awarded compensation below the lowest value fixed by the evidence, we reversed the judgment and ordered a new trial on the issue of compensation and damages.
Applying the foregoing rules in our consideration of the order before us, we cannot say that the trial court abused its sound judicial discretion in entering the order appealed from herein, so that order must be and it is
Affirmed.
RAWLS and JOHNSON, JJ., concur.