296 So.2d 116 (1974)
DUBOIS FENCE & GARDEN CO. et al., Appellants,
v.
James W. STEVENS, Appellee.
Nos. T-428, T-429.
District Court of Appeal of Florida, First District.
June 6, 1974.
Rehearing Denied July 11, 1974.
Noah H. Jenerette, Jr., of Boyd, Jenerette, Leemis & Staas, Jacksonville, and Brannon, Brown, Norris, Vocelle & Haley, Lake City, for appellants.
William N. Avera, of Chandler, O'Neal, Avera, Gray, Lang & Stripling, Gainesville, and A.K. Black, Lake City, for appellees.
McCORD, Judge.
This is an appeal from an order of the Circuit Court, Columbia County, granting a new trial on motion of appellees (plaintiffs) in two consolidated cases. The jury rendered its verdict for appellants (defendants).
The trial judge, in granting the motion for new trial, found the verdict was contrary to the law and the manifest weight and probative force of the evidence; that it did not comport with reason and logic; and that it shocked the conscience of the court.
*117 The record shows that appellee's decedents were traveling south on Interstate Highway 75 on a clear, sunny morning. Appellant, driver of a tractor-trailer truck, was traveling north in the left lane of the northbound portion of the highway at 60 to 65 miles per hour. He was in the process of passing another truck when his left front tire blew out. From the point of the blowout, calculating reaction time, the truck traveled along the paved portion of the highway approximately 66 feet before evidence of the blowout appeared on the pavement in the form of squiggly marks. These marks continued another 46 feet until the vehicle's left front tire left the highway, and the vehicle continued across the 40 foot grass median in a relatively straight line at an angle of 6.2 degrees. From the beginning of the squiggly marks, the truck traveled 378 feet to the southbound lane of traffic where it collided with terrific impact with the vehicle of appellee's decedents (his wife and child), demolishing the automobile, driving it back 86 feet and killing the two occupants instantly. After impact, the truck traveled 193 feet, rolled over and burned. There is no evidence of any negligence on the part of the decedents.
There were no eye witnesses other than appellant driver. He first testified that he had applied his brakes, but after hearing the testimony of the accident reconstruction expert of appellees, he testified that he probably had not applied his brakes. The expert testified that from the marks of the truck tires and the position of the vehicles, it would have been impossible to conclude that the driver had applied his brakes. (The investigating officers also testified there were no signs on the highway or median of brakes having been applied by the truck.) The engineer further testified that had appellant applied and held his brakes (taking into account his reaction time), he could have stopped the truck before impact. It is apparent that had he merely slowed the truck by application of the brakes, he would have avoided the collision course with decedents' vehicle. He testified that he did all he could to hold the truck and keep it from veering to the left into the southbound lane. The record further shows the grass median had a gradual slope of 11.4 degrees to its center where it sloped back up to the southbound lane. Its surface was firm and there were no obstructions in the area where the accident occurred. While the truck driver testified that he was jostled around in the cab of the truck during the course of its trip following the blowout, he had initially testified, as aforesaid, that he applied his brakes. If he thought he had applied them, he evidently considered that he could have applied them.
In Cloud v. Fallis, Fla., 110 So.2d 669, (the landmark case on the granting or denial of a new trial) the Supreme Court said:
"In our intensive study of relevant pronouncements by this court we have not found such an abandonment of the longestablished principles governing the evaluation of orders granting new trials as justifies the position of the petitioner that when the district court of appeal disposed of the matter, that court's ruling was error because it ignored what the petitioner chooses to call the `substantial competent evidence' rule and adopted the `broad discretion' rule. We adhere to the early rule placing in trial courts broad discretion of such firmness that it would not be disturbed except on clear showing of abuse, and we approve the district court's ruling although it was apparently so inharmonious with two of the opinions first cited that we assumed jurisdiction under Sec. 4(2), Art. V of the Constitution as amended in 1956, F.S.A. But as the district court said, there is room for concern about confusion with the reference to the true test to be applied in gauging the soundness of an order granting a motion for new trial, because of the reference in opinions already cited to the presence of `substantial *118 competent evidence' being an obstacle to the grant of a new trial.
In an attempt to dispel this confusion about procedure of such importance, we will undertake to restate the law on the subject.
When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, Poindexter v. Seaboard Air Line R. Co., Fla., 56 So.2d 905, Mead v. Bentley, Fla., 61 So.2d 428, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached, Pyms v. Meranda, Fla., 98 So.2d 341.
When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, Martin v. Stone, supra, [Fla., 51 So.2d 33], Turner v. Frey, supra, [Fla., 81 So.2d 721], Myers v. Atlantic Coast Line Railroad Co., Fla., 86 So.2d 792; Florida Publishing Co. v. Copeland, Fla., 89 So.2d 18.
Inasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused."
In Lykes Brothers, Inc. v. Singletary, Fla.App., 190 So.2d 589, the District Court of Appeal, Second District stated as follows:
"A motion for new trial is directed toward the sound direction of the trial judge. An appellate court will not reverse an order granting a new trial unless the appellant demonstrates that the trial court has abused its discretion. It has been said that a stronger showing is necessary to reverse an order granting a new trial than to affirm an identical order.
Appellant argues, in effect, that a court abuses its discretion in granting a new trial where there is `substantial competent evidence' to support the jury verdict. We disagree. Under Cloud v. Fallis, Fla. 1959, 110 So.2d 669, a trial court, within its discretion, can grant a new trial where the verdict is against the manifest weight of the evidence, even though the record appears to contain `some substantial competent evidence' to support the verdict."
This court, speaking through Judge Donald K. Carroll in Ford v. Nathan, Fla.App., 166 So.2d 185, said:
"The doctrine recognized in Cloud v. Fallis, supra, and in many other decisions of the appellate courts of this state, does not mean that there is no area left for the appellate review of a trial court's order granting a new trial, as we pointed out in Erwin v. Chaney, 160 So.2d 139 (Fla.App. 1964), and as the Supreme Court of Florida indicated in Russo v. Clark, 147 So.2d 1 (1962). Nevertheless, the said doctrine, as recognized and applied in numberless decisions of our appellate courts, does have the effect of endowing a trial court with a very broad discretion in the matter of granting a motion for a new trial. Such a discretion is a natural and logical one since the trial judge has the advantage of sitting personally at the trial and seeing and hearing at first hand the witnesses, lawyers, court personnel, and jurors. The trial judge is thus in a much better position than an appellate court (which is confined in its consideration to the so-called `cold record') in determining whether any improper influence entered into the trial proceedings and whether *119 the trial was a fair one to all parties involved."
While under the sudden emergency doctrine, one is not held to the same degree of accountability to which he would be held in the absence of such an emergency and in considering such doctrine, we are of the view that there is some substantial competent evidence in this record to support the jury's verdict. The substantial competent evidence rule is not the applicable rule upon review of a trial court's order granting a new trial. The driver of the truck apparently did not apply his brakes although he could have done so and avoided the accident. Also, by his own testimony, he did not see decedent's vehicle until one second before the impact, although it was in plain view all of the time. Had he seen it, he should and probably would have applied his brakes or could possibly have taken more evasive action. We are unable to find from a review of the record and briefs in the cause that a clear showing has been made of abuse by the trial judge of his sound, broad discretion.
Affirmed.
SPECTOR, Acting C.J., concurs.
BOYER, J., dissents.
BOYER, Judge (dissenting).
I must respectfully dissent. As appears from the several cases cited in the majority opinion, the trial court is not clothed with unbridled discretion to grant a new trial. It was for the jury, the trier of the facts, and not the court, to determine which witnesses would be believed or disbelieved. Neither the trial judge nor this Court is authorized to substitute its findings for those of the jury. The jury heard all of the evidence and observed all of the witnesses. The expert witness called by the plaintiff at the trial was not present at the time of the accident. His conclusions that the driver of the truck did not apply his brakes and that had the brakes been applied the truck could have been stopped before impact were merely his expert opinions which the jury was entitled to disbelieve. A reading of the record, indeed a reading of the majority opinion, clearly reflects that there was not one iota of evidence of negligence. The driver of the truck was not exceeding the speed limit. There is no showing that he had any reason to believe that his front tire would fail. He was not violating any law, nor committing any act of negligence, in passing the other vehicle. Only the man in the driver's seat in such an emergency situation can know whether it was safer to apply the brakes than to attempt to keep the vehicle under control. The application of brakes might well have been a foolish act under the emergency circumstances. The jury was entitled to so find. In short, neither the record nor the majority opinion points to any act on the part of the truck driver contrary to that which would be expected by a reasonable and prudent person under the circumstances nor does there appear to be any omission contrary to a reasonable expectation of a reasonable and prudent person under the circumstances. The parties were represented at trial by excellent attorneys and the trial was conducted before a capable, experienced and learned trial judge. The jury served the purpose for which it was selected and its findings and conclusions should not be disturbed. Certainly any normal person, including the members of this Court, must of necessity be sympathetic to the decedents and their survivors. However, sympathy may not be substituted for either facts or law. Neither the jury, the trial court, nor this Court should render decisions based on mere possibilities. Even so, there is nothing in the record to indicate that the truck driver "could possibly have taken more evasive action." Had there been such evidence the jury was entitled to disbelieve it anyway.
Based upon the holdings in the cases cited in the majority opinion I would reverse.