382 So.2d 1254 (1980)
Douglas M. SAUNDERS and Nationwide Insurance Company, Appellants,
v.
Thomas J. SMITH and Claudia Smith, His Wife, Appellees.
No. 77-2481.
District Court of Appeal of Florida, Fourth District.
April 9, 1980.
Rehearing Denied May 22, 1980.
*1255 Edna L. Caruso and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellants.
Richard J. Meehan of DeSantis, Cook, Meehan, Cohen, Gaskill & Silverman, P.A., North Palm Beach, for appellees.
SIMONS, STUART M., Associate Judge.
For consideration in this appeal is the sole issue of whether certain comments by defense counsel on voir dire were so prejudicial as to authorize the granting of a new trial although no request for curative instructions was made, nor request for mistrial was made, nor demand made for a new venire. The case involved a knee injury and complications suffered by appellee Smith. Saunders concededly was at fault in a traffic accident involving appellee Smith; the only issues submitted to the jury were causation and damages. A verdict was returned in Saunders' favor and against Smith, and judgment was entered thereon. Smith made a motion for new trial, asserting numerous errors in the proceedings. The motion was denied on all grounds except for that ground which stated that the court erred in "failing on its own motion to strike all voir dire statements made by counsel for the defendant when referring to the proposed witness in voir dire," i.e., that the jury should have known of witnesses from newspaper articles wherein he was accused of tax evasion.
Plaintiff's counsel objected to the statements made on voir dire, and the objections were sustained, but counsel neither asked for curative instructions, a mistrial, nor made demand for a new venire.
Trial judges are vested with broad discretion in granting a new trial, and appellate courts will not reverse an order granting new trial absent a clear abuse of that discretion. Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). In Weems v. Dawson, 352 So.2d 1196 (Fla. 4th DCA 1977), the standard for reversal was stated as whether the trial court's order was arbitrary, fanciful or unreasonable or that no reasonable man would adopt such a view. The court below felt that it had erred in not acting on its *1256 own motion to strike the improper statements to which it had already sustained an objection. We find this to be an unreasonable view of the responsibility of the trial court. The failure on the part of counsel to ask for curative instructions, request a mistrial, or to move for a new venire constituted intentional trial tactics, mistakes of which are not to be cured upon appeal simply because they backfired. Nelson v. Reliance Insurance Company, 368 So.2d 361 (Fla. 4th DCA 1978).
To allow an order granting new trial such as this to stand would be sanctioning a view of "fundamental error" which does not exist in law, and which would place upon the trial judge an untenable burden. The trial judge in a complicated civil matter has difficulty enough in ruling on motions and objections of the attorneys throughout the course of a trial without imposing upon himself this additional burden. Failure to act sua sponte without a specific request by a party should not be grounds for a new trial except in the most severe case. The order granting new trial is thus reversed and the cause remanded with directions to reinstate the jury verdict in favor of defendant and for further appropriate proceedings.
REVERSED AND REMANDED WITH INSTRUCTIONS TO REINSTATE THE JURY VERDICT.
BERANEK, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting:
If the appellees were before this court as appellants seeking a new trial because of the improper comments involved herein, I would agree that their appeal should be denied. But we are reviewing an order granting a new trial and upon the granting of such motion our authority on review is simply not as great. The opinion of Justice Thomas in Cloud v. Fallis, 110 So.2d 669 (Fla. 1959) is still applicable:
When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, Poindexter v. Seaboard Air Line R. Co., Fla., 56 So.2d 905; Mead v. Bentley, Fla., 61 So.2d 428, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached, Pyms v. Meranda, Fla., 98 So.2d 341.
When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, Martin v. Stone [Fla., 51 So.2d 33], supra; Turner v. Frey [Fla., 81 So.2d 721], supra; Myers v. Atlantic Coast Line Railroad Co., Fla., 86 So.2d 792; Florida Publishing Co. v. Copeland, Fla., 89 So.2d 18. (Id. at 673)
We have held that in order to reverse an order granting a new trial it must be shown that the trial court's action was arbitrary or fanciful or that no reasonable man would take the view adopted by the trial court. Weems v. Dawson, 352 So.2d 1196 (Fla. 4th DCA 1977).
The incident during voir dire relied upon by the trial court in ordering a new trial consisted of the following:
MR. LYTAL: I have just been told there was a doctor by the name of Doctor Dolcey [sic]  Joseph Dolcey from Riviera Beach was going to testify here. You may have read about this man, he's been in the paper, he's been suspended by the Medical Society, he's been tried for tax evasion and so forth  have any 
MR. MEEHAN: I have to object to this reputation; it's not relevant to the case.
MR. LYTAL: Your Honor, I have a right to know if they know anything about this man.
THE COURT: I'm going to sustain the objection. I think to characterize other than he is a practicing physician is somewhat improper at this time.

*1257 MR. LYTAL: Do any of you know Doctor Dolcey who has an office down in Riviera Beach right by Blue Heron Boulevard  no one knows him or anything about him?
(No response.)
The appellants, defendants below, admitted negligence but claimed that the appellees' claims of injury were unfounded and exaggerated. And there was evidence to support this position. But there was also evidence to support the appellees' claims, consisting primarily of the testimony of Dr. Dolce. With damages being the only issue on trial and Dr. Dolce's credibility substantially challenged by considerations outside the record, it does not seem totally unreasonable for the trial court to conclude that a new trial should be granted. Weems, supra.
It is true that appellees only objected to the comments of counsel and did not request a curative instruction or move for a mistrial and that the motion for new trial was poorly drafted. However, I do not believe these deficiencies should prevent the trial court from granting a new trial if he concludes that the jury was influenced by improper considerations.