ON MOTION FOR REHEARING
GUNTHER, Judge.
We grant appellee’s motion for rehearing. The opinion of January 20, 1988 is withdrawn. We substitute the following opinion:
We reverse the trial court’s order granting a mistrial to Winn-Dixie Supermarkets, Inc., a Florida corporation (Winn-Dixie), and resetting the case for a new trial.
During the course of the trial, Winn-Dix-ie twice moved for a mistrial but the trial court reserved ruling. After the jury returned a verdict in favor of the plaintiff, the trial court granted Winn-Dixie’s motion for mistrial on the grounds that the plaintiff’s counsel had asked an excessive number of leading questions.
In our view, the trial court abused its discretion in granting Winn-Dixie’s motion for mistrial after a four-day jury trial. Although plaintiff’s attorney did ask fifteen leading questions that were objected to, the questipns and conduct were not so prejudicial as to improperly influence the jury to the extent of denying Winn-Dixie a fair trial. It is also significant that after Winn-Dixie’s first motion for mistrial and the trial court’s admonition that it would reserve ruling on the motion, there were only two further incidents where Winn-Dixie objected to a question as leading and had the objection sustained. After the second motion for mistrial, there were no further incidents.
Winn-Dixie maintains that the record is replete with unobjected to leading questions and that they should have objected more often for the record, but did not for fear of antagonizing the jury. However, it is well settled that allegedly improper comments or questions at trial to support a mistrial must be accompanied by a spontaneous objection and motion for mistrial. Saunders v. Smith, 382 So.2d 1254 (Fla. 4th DCA), appeal dismissed, 389 So.2d 1114 (Fla.1980). Therefore, Winn-Dixie cannot rely on unobjected to leading questions as additional support for the trial judge’s granting of a mistrial.
In the instant case, the plaintiff’s counsel’s conduct was simply not so egregious as to warrant a mistrial after a four-day jury trial. We reverse and remand to the trial court to reinstate the jury verdict and enter judgment accordingly.
REVERSED AND REMANDED.
STONE, J., concurs.
ANSTEAD, J., dissents without opinion.