PER CURIAM.
As Justice Grimes stated in Smith v. Brown, 525 So.2d 868 (Fla.1988):
In the oft-cited case of Cloud v. Fallis, 110 So.2d 669 (Fla.1959), this Court set forth the standard of review for an order which grants a new trial because the verdict was against the manifest weight of the evidence.
When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, Martin v. Stone [Fla.1951, 51 So.2d 33], supra, Turner v. Frey [Fla.1955, 81 So.2d 721], supra, Myers v. Atlantic Coast Line Railroad Co., Fla. [1956] 86 So.2d 792; Florida Publishing Co. v. Copeland, Fla. [1956], 89 So.2d 18.
Inasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused. Dent v. Margaret Ann Super Markets, Fla. [1951] 52 So.2d 130; Geffrey v. Langston Const. Co., Fla. [1952], 58 So.2d 698; Pyms v. Meranda [Fla. [1957], 98 So.2d 341], supra.
Id. at 673.
AFFIRMED.
SCHEB, A.C.J., LEHAN and HALL, JJ., concur.