**LORAINE M. DEAN v. FIRST TRUST & SAVINGS COMPANY, et al.**

32 So. (2nd) 249                                    June Term, 1947
October 17, 1947                                        Division B

*Tom J. Landrum,* for petitioner.
*Whitaker, Whitaker & Terrell,* for respondents.

BARNS, J.:

Davis W. Lane et ux., made a note payable to Loraine M. Dean et vir., and thereafter the husband R. J. Dean hypothecated this note with the First Trust and Savings Company to secure the note of R. J. Dean and S. C. Collins doing business as "Dean & Collins."

Loraine Dean claimed an interest in said note as an estate by entirety and the "First Trust" claimed it as pledgee to the exclusion of any rights of Loraine M. Dean. The Lanes wished to pay off and discharge said note and brought their bill of interpleader against the Deans and the "First Trust." Mrs. Dean filed her answer setting forth her claim to the exclusion of any rights of the "First Trust" and the "First Trust" did likewise to the exclusion of Mrs. Dean.

In addition to its answer the "First Trust" filed a counter-claim seeking to foreclose its alleged lien against said note to which counter-claim Mrs. Dean filed her motion to dismiss. The motion to dismiss was denied and she now seeks certiorari for review and reversal of the chancellor's order denying the motion to dismiss such counterclaim as to her.

The merits of the counter-claim as against Mrs. Dean are dependent upon the ultimate determination of the equities as set forth in her answer and such additional facts if any as she may allege in her reply to the counter-claim.

This court on review is only called on to review the acts of the chancellor and not his reasons, however, it is always helpful for the chancellor to give the reasons for his rulings as he has done in this case. When his acts are reviewed his reasons may be considered.

In Merrill v. Adkins, 131 Fla. 478, 180 So. 41, is a case where payment of a note payable to man and wife was made to the husband and this court was only called on to decide whether or not such payment discharged the note and we held that it did. We did not hold that payment changed the nature of the tenure of the estate as such was not a question material to the appeal.

American Central Insurance Company v. Whitlock, 122 Fla. 363, 165 So. 380, was a suit on an insurance policy occasioned by reason of a loss by fire of a building on a lot upon which Whitlock and wife once held a mortgage and note as an estate in entirety. There had been some negotiations of the note before suit was brought by the husband on the policy. We have examined the assignments of error and the "questions involved" as presented in the briefs and there appears to have been no controversy in the case concerning the endorsement of the note by the wife. The note is no longer in the court files. It appears that Whitlock became repossessed of the note after it was first negotiated. We will assume when first negotiated that it was endorsed by the payees, to-wit: Whitlock and wife. Only the fact of Mr. Whitlock's endorsement was treated as relevant to the controversy on appeal.

Without adjudicating in respect thereto, we deem it appropriate to make a few observations in respect to the counter-claim, the note and final payment into the court:

(1) Davis W. Lane, et ux., are parties defendant to the counter-claim and upon the record before us we see no reason for the Lanes to have been made parties.

(2) The counter-claim seeks a decree of foreclosure and sale of the promissory note made by the Lanes on which note they predicated their bill of interpleader, and as to such debt they may have paid money into the registry of the court for its satisfaction, and it appears that they are entitled to a satisfaction of their debt and mortgage after which they would be entitled to be discharged; that the fund paid into

court should be treated as substituted for the note and the rights in the note applied as rights in the fund.

(3) Mrs. Dean, if she so elects, might with propriety ask the courts to make an order that her answer already filed should stand as her reply to the counter-claim of the "First Trust."

Under the facts and circumstances appearing in the record before us it appears appropriate that the petition for certiorari be denied with leave granted unto the chancellor to reconsider said motion to dismiss at final hearing. It is so ordered.

TERRELL, BUFORD, CHAPMAN, ADAMS and SEBRING, JJ., concur.

THOMAS, C. J., dissents.

CHAPMAN, J.:

I think the petition for certiorari should be denied without opinion.