MATHEWS, Justice.
This is a personal injury case. The Jury returned a verdict for the defendant. Motion for new trial was filed and denied. The appeal is from the final judgment.
The record shows that the plaintiffs at the proper time moved the Court for a directed verdict as to liability in favor of. the plaintiffs upon the ground that the defendant had failed to establish any defense to the action, and that “the testimony of the defendánt affirmatively shows that the defendant was guilty of negligence, and that the plaintiff was free of negligence.” At that time the trial Judge stated:
“I am personally of that view, but in view of the holding of the Supreme Court in cases of that kind, I will deny ■ the motion.”
The refusal of the trial Judge to grant the motion for new trial in view of the above statement made by the Court, which appears in the record, is assigned as error.
The testimony of the plaintiff was that she was going south on N.W. 8th Avenue when she came to the intersection connecting with N.W. 117th Street; she looked to the right and saw the car of the defendant'approximately 150 feet away; she then looked to the left and it was clear; she was going between 15 and 20 miles per hour; she then entered the intersection and was over on the other side almost through the intersection when the defendant’s car hit her car broadside and more to the back. She also testified that defendant was going at a high rate of speed.
The defendant testified that as he approached the intersection he looked but didn’t see any traffic; he entered the intersection but did not see the plaintiff’s car until he was about 2 feet away from her car; he made no effort to apply his brakes because at the time he saw plaintiff’s car, it was too late. He testified that he had formed no opinion as to how fast the plaintiff was traveling.
In view of this testimony of plaintiff and defendant, the trial Judge was justified in stating that the defendant had failed to establish any defense to the action and that the testimony of the defendant affirmatively showed that he was guilty *900 of negligence and that the plaintiff was free of negligence.
In the case of Tampa Water Works Co. v. Mugge, 60 Fla. 263, 53 So. 943, this' Court quoted the tria! Judge as follows:
* *„ the-court being of the •opinion that the testimony preponderates in favor of the defendant but being of the further opinion that the questions of fact were within the province of the jury, the motion to set aside the verdict and grant a new trial is denied.’ ” '
and then held:
“The circuit judge was in error in this ruling, if, as is expressed in the order denying the motion, he was of the opinion that the preponderance of the evidence was manifestly in favor of the defendant. It then became his duty to set aside the verdict and to grant to the defendant a new trial before another jury, and, in failing to exercise his judicial discretion in this respect, he deprived the defendant of a most valuable right, and was in error. * * * »
In the case of Richbourg v. Hilton, Fla., 56 So.2d 539, 540, it was held:
“In this case the trial court having determined in the exercise of his discretion that ‘the verdict is contrary to the manifest weight of the evidence’, would have failed to perform his full duty had he not granted the motion for a new trial. Having determined that the verdict was Contrary to the manifest weight of the evidence it became his duty to set aside the verdict and grant a new trial.”
In the case of Schneider v. Cohan, Fla., 59 So.2d 644, this Court held:
“ * * * In the order, among other things, the trial Judge stated that in his opinion ‘the verdict was against '"the manifest weight of the evidence.’ Having expressed this opinion, it would have been error for the trial Judge to refuse to grant a new trial. * * * ”
In view of the testimony shown by the record and the opinion of the trial Judge that the defendant had failed to establish any defense to the action and that the testimony of the defendant affirmatively showed that he was guilty of negligence and that the plaintiff was free of negligence, it became the duty of the trial Judge to grant the motion for a new trial.
Reversed, with directions to set aside the judgment and grant the plaintiffs’ motion for new trial.
TERRELL, Acting Chief Justice, SEB-RING, J., and PARKS, Associate Justice, concur.
THOMAS, J., dissents.