ROBERTS, Justice.
Plaintiffs, appellants here, sued to recover damages for injuries suffered by the plaintiff wife when the car she was driving collided at a street intersection with that of defendant, appellee here. The first trial of the cause resulted in a jury verdict and judgment in favor of defendant, 'but this court reversed the judgment and remanded the cause for a new trial (see Schumacher et al. v. Passow, Fla., 68 So.2d 899 for reasons) under the authority of Tampa Water Works Co. v. Mugge, 60 Fla. 263, 53 So. 943; Richbourg v. Hilton, Fla., 56 So.2d 539; and Schneider v. Cohan, Fla., 59 So.2d 644.
The cause was tried before a jury a second time, and the plaintiffs were again unsuccessful in persuading that body that the defendant’s negligence was the sole proximate cause of the accident. Their motion for new trial was denied, and this appeal followed.
On this appeal, it is again contended that the verdict of the jury is against the manifest weight of the evidence, and also that the trial judge erred in charging the jury on the law of contributory negligence. While the evidence on this point adduced at the second trial varies little from that presented at the first trial, we think there was sufficient evidence to go to the jury, and that no useful purpose would be served by submitting the cause to a jury for the third time.
Accordingly, the judgment appealed from should be and it is hereby
Affirmed.
DREW, C. J., and THOMAS and O’CONNELL, JJ., concur.