PEARSON, Judge.
The defendant, Leavstrom, appeals from a final judgment in a personal injury action. At the trial before a jury the trial judge directed a verdict in favor of the plaintiff and against the defendant, Carl Leavstrom, on the issue of liability. The case was then submitted to the jury solely on the issue of damages. The jury’s verdict was for $46,000 in favor of Thelma Muston and $7,160 in favor of Paul Muston for his loss of services and expenses past and future, resulting from the injuries sustained by Thelma Muston. A motion for new trial was duly filed upon the following: grounds:
“1. The verdicts are grossly excessive in amount;
“2. The verdicts are contrary to the evidence;
“3. That said verdicts are the result of mistake, prejudice, passion, sympathy, or some other ulterior motive or consideration on the part of the jury;
“4. That said verdicts are based in part on speculation.”
The trial judge denied the motion for a. new trial and this appeal followed.
Other than an assignment that the court erred in entering the final judgment the assignments of error presented on this appeal are that the court erred in entering its-order denying the motion for new trial for the reasons set forth in the motion for new trial as above recited. The appellant does not however argue any of the grounds for new trial, nor is our attention directed to any part of the record of the trial which would indicate that the court erred in failing to grant the motion for new trial. The appellant argues that the record of the proceedings before the jury is not material *317 to the issue upon this appeal, because the essential facts are to be found within the trial judge’s order denying the motion for new trial. Thereupon the appellant presents his sole question upon this appeal which is as follows:

“When the trial judge, in his consideration of the defendant’s motion for new trial, is of the opinion that the verdict is an unjust verdict, is he under a duty to grant a nevo trial?”

It is apparent therefore that it is the trial judge’s comments in his order denying the motion for new trial which has occasioned this appeal. Inasmuch as these comments have been argued by the appellant as though they were tantamount to findings of fact in a decree of a chancellor, it is essential that the comments be set out in full so that they may be properly understood. This should not be done, however, without pointing out that an appellate court is not ordinarily concerned with the reasons which a trial judge assigns for his conclusion but with the question of whether the order itself is correct. This gives rise to the frequently repeated statement that a trial judge will be sustained if his ruling is correct regardless of the reasons assigned by him for his ruling. Dean v. First Trust & Savings Co., 159 Fla. 519, 32 So.2d 249; Chase v. Cowart, Fla.1958, 102 So.2d 147. But we do not overlook the converse rule that where an action of the trial judge affirmatively appears to have been taken upon the application of a wrong rule of law to the particular facts in a case, then the cause must be reversed and returned for the trial judge’s determination based upon the correct rule of law. Knight v. City of Miami, 127 Fla. 585, 173 So. 801; Smith v. McEwen, 119 Fla. 588, 161 So. 68; Catlett v. Chestnut, 107 Fla. 498, 146 So. 241, 248, 91 A.L.R. 212.
The order denying motion for new trial was as follows:
“The motion of the defendant Carl E. Leavstrom for a new trial and the arguments of counsel in support of, and in opposition to, such motion have been carefully considered.
“There have been very few jury verdicts returned in the many trials at which I have presided during the past eight years with which I have disagreed. The verdict returned in this case is one of the few.
“Had I been a member of the jury by which the challenged verdict was returned, I could not have concurred in the factual findings on which the verdict is based. My opinion would have been (as it is now) that much less than the damages which the jury awarded the plaintiffs would compensate them reasonably for such injuries and losses as they have sustained, or will sustain, as a proximate result of the negligence of the defendant-movant.
“The reason for my disagreement with the jury is, however, that I cannot accord the testimony of the plaintiffs, or the testimony of the medical experts on which the plaintiffs so strongly relied, the credence and weight which obviously the jury gave such testimony. After hearing all the testimony adduced at the trial, and viewing the motion pictures introduced in evidence, my own conclusion was and is that the plaintiffs grossly exaggerated and magnified the plaintiff wife’s complaints and symptoms. The jury, however, reached a different conclusion because they believed testimony which I did not and do not believe; but, believing it, the jury had an adequate evidentiary basis for the verdict.
“If trial judges are to be impelled, by their disagreement with the factual findings of juries, to set aside their verdicts, then only verdicts with which the judges agree will stand. As is usual in cases of this character, the jurors were told, in the court’s instructions, that their function was to determine from the evidence what the facts *318 were; and they were advised that they were the sole judges of the facts and that they alone were to decide what credence and weight should be given the testimony of each of the witnesses. To set aside their verdict now because they gave full credence and accorded great weight to testimony which I would have rejected, and because their factual findings were not the findings which I would have sanctioned had I served as juror, would be to invade the jury’s province and to nullify their composite judgment by an abuse of judicial power.
“Despite my personal opinion that the jury’s factual findings were wrong and that, therefore, injustice will be done by sustaining the verdict, I cannot set it aside. While juries make mistakes, so do judges. It may be that the jury was right and I am wrong, and that if I were to set aside the verdict I would be substituting injustice for justice.
“The motion for a new trial is denied.”
In an attempt to dispell some confusion which has arisen upon the subject of the granting of motions for new trial and the review thereof, the 'Supreme Court of Florida undertook in the case of Cloud v. Fallis, Fla. 1959, 110 So.2d 669, 673, to restate the law on the subject. In that opinion the court pointed out that:
“When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, Martin v. Stone, supra [Fla., 51 So.2d 33]; Turner v. Frey, supra [Fla., 81 So.2d 721]; Myers v. Atlantic Coast Line Railroad Co., Fla., 86 So.2d 792; Florida Publishing Co. v. Copeland, Fla., 89 So.2d 18.”
It has not been made to appear that the trial judge concluded that the verdict was against the manifest weight of the evidence or that he concluded that the jury had been deceived as to the force and credibility of the evidence or that the verdict had been induced by considerations outside the record.
The Court in Cloud v. Fallis, supra, further states:
“Inasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it had been abused. Dent v. Margaret Ann Super Markets, Fla., 52 So.2d 130; Geffrey v. Langston Const. Co., Fla., 58 So.2d 698; Pyms v. Meranda, supra [Fla., 98 So.2d 341.]”
A careful reading of the judge’s remarks reveals that in exercising his sound, broad discretion in determining the motion for new trial, there is absent a clear showing of an abuse of that discretion.
The judgment is therefore affirmed.
Affirmed.
HORTON, C. J., concurs.
CARROLL, CHAS., J., dissents.