SMITH, Chief Judge.
This is an appeal by the defendant from a final judgment entered in favor of the *532 plaintiff-appellees. After the jury returned its verdict for plaintiffs, the defendant moved for a new trial. The lower court denied the motion, prefacing its order with the following statements:
“ * * * (T)he Court * * * finds that, in the opinion of the Court, the plaintiff, Margaret Manus Rogers, violated the town ordinance of the Town of Palm Beach by failing to make any right hand turn and staying close to the curb, as required by said ordinance. From this a presumption of negligence is warranted, and the plaintiff would be guilty of contributory negligence, and should not recover. In the further opinion of the Court, there is no evidence which overcomes that presumption. However, the Court cannot substitute its opinion for that of a jury, and, therefore, will enter Judgment for the plaintiffs. * * * ”
The defendant contends on appeal that the final judgment must be reversed because the effect of the lower court’s statements in the order denying the motion for new trial is a determination that, from the undisputed evidence, the plaintiff was guilty of contributory negligence which was the proximate cause of her injuries. This contention is correct if the court’s statements mean what the defendant contends they mean. See: 6345 Collins Avenue v. Fein, Fla. 1957, 95 So.2d 577; Schumacher v. Passow, Fla.1954, 68 So.2d 899; Tampa Water Works Co. v. Mugge, 1910, 60 Fla. 263, 53 So. 943.
In interpreting these statements, there are certain principles which must be applied. If the court’s findings are susceptible of two constructions, one of which is supported by the evidence and the other is not, there is a presumption in favor of the former construction. The court’s findings should be read as a whole in the light of the record on appeal, and where they are conflicting they should, where possible, be so construed as to harmonize with each other and with the judgment. An appellate court should uphold the evident intention of the lower court and, if possible, make the findings support the judgment. See 5 C.J.S. Appeal and Error §§ 1564(9) and 1572. Any other rule might require the mandate of a new trial where, on the record, none is justified.
The statements of the trial court present several problems of interpretation. The statement to the effect that the violation of the town ordinance creates a presumption of negligence is erroneous, because the violation of a traffic law is only “prima facie evidence of negligence which may be overcome by proof of surrounding circumstances and conditions which will eliminate the character of negligence from the transaction.” Delevis v. Troyer, Fla.App.1962, 142 So.2d 783, 785. In addition, there was sharply conflicting testimony in this case as to whether or not the defendant ran a red light, thereby colliding with the plaintiffs’ car. By its verdict the jury chose to believe the plaintiff’s testimony that the defendant did run a red light. This fact could well have overcome in the minds of the jurors the prima facie evidence of negligence established by the plaintiff’s violation of the right hand turn ordinance; or the jury could have found that the plaintiff’s violation of said ordinance did not contribute directly or proximately to the injuries complained of. The lower court’s statements are preceded by the words: “ * * * The Court * * * finds that, in the opinion of the Court, * * The italicized phrase indicates that the trial judge intended to express what his opinion of the evidence would have been if he had been the trier of facts, as was the case in Turner v. Frey, Fla.1955, 81 So.2d 721, and in Leavstrom v. Muston, Fla.App. 1960, 119 So.2d 315.
In construing the lower court’s state ments in accordance with the foregoing principles, we conclude that the findings expressed in the order denying the motion for new trial are not tantamount to a determination that the verdict was against the *533 manifest weight of the evidence or was not in accord with right and justice.
We find no merit in the defendant’s other point on appeal. The judgment is affirmed.
Affirmed.
ALLEN, J., and BARKER, ROGER A., Associate Judge, concur.