GLADNEY, Judge.
This case was consolidated for the purposes of trial with the suit entitled C. K. Mc-Williams v. Argonaut Southwest Insurance Company, et al., No. 10,351, on the docket of this court. The two actions, ex delicto, are, respectively, for recovery by C. K. Mc-Williams on behalf of his minor daughter, Frances Jan McWilliams, for personal injuries, and for himself individually for personal injuries and other damage allegedly sustained as a result of a collision between a pick-up truck driven by C. K. McWilliams and a truck owned and operated by Crusader Drilling & Service Company, Inc. In the suit on behalf of Frances Jan McWilliams, Hartford Accident & Indemnity Company, the insurer of McWilliams, was made a defendant. Crusader and its insurer, Argonaut, filed answers in both suits denying negligence on the part of Crusader or its driver which contributed to or had a causal connection with the accident, and further, they filed a third party demand against C. K. McWilliams. Argonaut and Crusader alternatively pleaded the contributory negligence of C. K. McWilliams and Frances Jan McWilliams in bar of the demands. Hartford answered and alternatively filed a third party demand in the suit of C. K. McWilliams, administrator, against Crusader and Argonaut alleging that if Hartford should be held liable, Crusader and Argonaut should be held liable jointly and in solido with Hartford. McWilliams, individually, and Crusader and Argonaut filed answers to the third party claims. Prior to the taking of evidence but after a jury had been chosen, C. K. McWil-liams, on behalf of Frances Jan McWilliams, effected a settlement with Hartford and gave a restricted release. Proceedings against Hartford were then dismissed by the court over the objections of Crusader and Argonaut. Thereupon the latter attempted to bring Hartford back into the lawsuit by a third party petition but the court would not allow its filing. Following trial on the merits a verdict was returned by the jury *203 in favor of C. K. McWilliams as administrator of the estate of Frances Jan McWilliams and against Crusader and Argonaut with damages fixed at $20,000.00. Subsequently, judgment was rendered in favor of C. K. McWilliams against Crusader and Argonaut in the amount of $3,150.30. Appeals have been perfected by Crusader and Argonaut in both cases. Before this court Hartford Accident & Indemnity Company and C. K. McWilliams have filed an exception of no cause and no right of action, res judicata, and compromise praying that said third party demands be dismissed.
The collision between the pick-up trade driven by C. K. McWilliams and the Crusader truck occurred on South Arkansas Street in Springhill, Louisiana, on November 21, 1962, at about 7:25 P.M., at which time it was dark. The skies were overcast, the weather was misty and the street was damp. South Arkansas Street is an undivided four lane highway with an asphalt surface running in a north-south direction and was lighted by street lights at intervals in the vicinity of the accident. The Crusader truck was returning from a job at Lodi, Texas, and was stopped in the inside or left southbound lane of South Arkansas Street for about three minutes, while the driver waited for oncoming northbound traffic to clear so that he could make a left turn across the northbound lanes of South Arkansas Street and drive the truck into the truckyard of the Crusader office which was located there. While the Crusader truck was so stopped waiting to turn, and before the driver had begun to make his turn, the pick-up truck being driven by C. K. McWilliams ran into the left rear of the Crusader truck and turned over on its left side, throwing Frances Jan McWilliams out of the truck and onto the street.
Plaintiffs have charged that Charlie R. Doster, the driver of the Crusader vehicle, was negligent in operating the truck under an allegedly expired hauling permit; in having the truck on the highway after dark without a permit; in not having the proper lights on the rear of the truck; and in failing to give proper turning signals. Mc-Williams is also charged with negligence in several respects: In failing to keep a proper lookout and avoid the collision; in not keeping his vehicle under control prior to the collision; and with operating his vehicle with insufficient lights. Some specifications of fault were likewise alleged against Frances Jan McWilliams.
In their restatement of the issues, counsel for appellees first pose this inquiry:
1. Was the operation of the Crusader truck in violation of its permit a contributing factor in the accident with which we are dealing?
An appropriate answer requires a determination as to whether such an infraction was a proximate cause of the accident.
The inescapable answer to this is that such a violation of the permit, strictly speaking, was not a cause in fact of the accident. Examination of the language of the permit, coupled with testimony concerning it, discloses that the issuance of the permit was necessary only because the construction of the front indicated a six foot overhang beyond the bumper. The permit indicates no violation of highway regulations with respect to the rear end of the truck or as to its width, height or lights. Notwithstanding the fact that the truck was unusual in design, in our opinion, it was not such in appearance as would be difficult for following drivers to observe and delineate on the highway. As the accident involved only the rear end of the truck, manifestly, the overhang on the front could have had no causal connection with the collision. Therefore, we are impelled to the conclusion that the operation of the truck in violation of the permit was not a contributing factor or a proximate cause of the accident.
Undoubtedly the most serious issue as to Crusader’s liability is whether its truck was operated with proper lights. For appellees to recover they must establish by a preponderance of the evidence that the truck was in fact being operated without proper lights.
*204 A large number of witnesses were examined by both parties. These included, besides C. K. and Frances Jan McWilliams, Chief of Police R. PI. O’Neal; Virgil Jester and Robert Craig, police officers; Morris Rhea, a motorist who arrived upon the scene of the accident shortly after the collision, and William L. Morgan, the operator of a filling station across the street from the accident, who had turned off his lights and was leaving his place of business when the accident occurred. Testifying on behalf of defendant were Charlie Roy Doster, Arnold Pepper, Charles Dewey Burns, and William L. Corley, Jr.
In weighing the testimony of these witnesses some discrepancies are noticeable in the testimony of each. It must be remembered, however, that the accident occurred on November 21, 1962 and trial was not commenced until May 18, 1964. Furthermore, photographs of the Crusader truck found in the record are not of the one involved in the collision, but are those of a similar truck. The lapse of time and the inability to present pictures of the truck actually involved no doubt affected to some extent the testimony of several witnesses.
Of the police officers who testified, the testimony of Craig alone has some significance. He testified that he made an examination as to the left side of the rear of the truck and observed only one light which he designated as a signal light and after wiping off some mud from it, he found it was not burning. Neither Jester nor O’Neal made an examination but depended upon Craig for the performance of this duty. Rhea testified that after the accident he observed “one little bitty light” on the rear part of the left side of the truck near the bumper area and found no others. It is apparent from Morgan’s testimony that he did not observe the lights on either the Crusader or McWil-liams truck. McWilliams and his daughter testified that they did not see the truck until right upon it and did not observe any rear lights on the truck ahead.
In contradiction of the above, Arnold Pepper and Charles Dewey Burns, fellow employees of D'oster, testified they had followed his truck into Springhill until approximately one-half mile from the accident. Both testified all rear lights were burning on the truck. Doster testified that upon leaving Lodi, Texas, about 3:30 P.M., he checked his lights and found them operating. Further, he stated that immediately after the accident all of the rear lights on his truck were burning with the exception of the left taillight. William L. Corley, Jr. testified he made an examination of the truck two days following the accident. He described the damage sustained by the rear of the truck: “The stand was bent in and the panel, the rear panel of it, you might say might have bent a little bit, but not bad, not enough to hardly be noticeable.” He said further: “We turned on the lights, the signal lights were working and clearance lights were working, but the brake light didn’t work.” Corley described the light arrangement on the rear of the truck as consisting of a reflector, a left turn signal light, a tail and brake light, a right turn signal light and a reflector on the right side, together with clearance lights, one on each side of the truck which was red to the rear and amber to the front, which lights were small.
Bearing in mind that the burden is imposed by law upon plaintiffs to make out a case of improper lighting on the Crusader truck, we have carefully weighed all of the evidence with respect thereto and are forced to the conclusion that plaintiffs have not established their case by a preponderance' of the evidence. It is our finding that the Cru^ sader truck was exhibiting proper lights and was not in violation of the law with respect to its lighting system at the time of the accident. Therefore, we need not decide the pleas of contributory negligence filed herein and the exception of no cause or right of action filed on behalf of Hartford and C. K. McWilliams.
For the foregoing reasons the judgment from which appealed is annulled, reversed and set aside, and plaintiffs’ demands are rejected at their costs.