183 So.2d 237 (1966)
James C. RAY and Elizabeth M. Ray, His Wife, Appellants,
v.
DOCK AND MARINE CONSTRUCTION, INC., a Florida Corporation, Appellee.
No. 65-362.
District Court of Appeal of Florida. Third District.
January 25, 1966.
Rehearing Denied March 9, 1966.
*238 Kates & Ress and Roland H. Gomez, North Miami, for appellants.
Robert M. Riddle, Miami, for appellee.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.
HENDRY, Chief Judge.
This is an appeal by the defendants, James C. Ray and Elizabeth M. Ray, and a cross-appeal by the plaintiff, Dock and Marine Construction, Inc., from a final decree of mechanics lien foreclosure.
Plaintiff sued to establish a mechanics lien upon real property owned by the defendants for the non-payment of $9,209.92 representing monies allegedly due under an oral contract.
The plaintiff agreed to furnish labor and rent equipment to the defendants and plaintiff was to be compensated for labor performed and equipment rented based upon an agreed price per hour worked and equipment rented. It was contemplated that a completed job would cost between $30,000 and $33,000.
The plaintiff was to excavate and enlarge an existing boat slip and construct a marine railway base. During the excavation, the plaintiff encountered an extremely hard strata of rock. Another company was hired to remove this rock for which the defendant paid $2,520. Plaintiff completed its work at which time they had been paid the amount of $21,812.83 and alleged that the amount of $9,209.92 remained due.
The defendants alleged that the work was defective and that they incurred expenses of $9,850 to correct and complete the job. The trial court determined that the defendants had incurred an additional expense of $798 to complete the job which brought the total to $10,648.
The trial court found that the equities of this cause are with the plaintiff and that the plaintiff is entitled to a mechanics lien in the amount of $9,209.92 upon the real property of the defendants. The court further found: "That the workmanship performed by the plaintiff was poorly done and the defendants have established that they were damaged as a result thereof in the amount of Six Thousand, One Hundred, Forty-eight Dollars ($6,148.00), said amount being the difference between the defendants' cost to repair of Ten Thousand, Six Hundred, Forty-eight Dollars ($10,648.00) less Four Thousand, Five Hundred Dollars ($4,500.00) which it would have cost the defendants to repair had the plaintiff completed the construction."
The principal point on this appeal arises from the latter finding. The defendants contend that it was error for the court to reduce their damages by $4,500.00 because there is no evidence in the record to support such a reduction. The plaintiff, by cross-appeal, contends that it was error for the court to have granted any damages to the defendants.
The measure of damages where there has been substantial but not exact performance is generally the reasonable cost of making the work performed conform to the contract.[1]
The court's finding that the plaintiff had poorly constructed and aligned the railway upon which a "cradle" would be placed to haul boats ashore is amply supported by the record.
The record reveals that the rails were slanted downward and that the slope became greater as the depth of the water became greater causing a downward curve in the rails. Further, the rails varied from parallel by about an inch and a half. This, coupled with the fact that the tolerance in the wheels of the cradle was only three quarters of an inch, caused the cradle to leave the track. However, the court also found that the cradle was constructed by the *239 defendants without any consultation with the plaintiff. A marine contractor who is also a civil engineer testified that it is essential that the railway be constructed as an integrated system with the cradle, and that a cradle can be constructed which would permit more tolerance on the rails than that built by the defendants.
Based on the court's findings which are supported by the record we have concluded that the trial judge was correct in determining that the defendants should be awarded only a portion of the total cost to complete the job since both parties were responsible for the incomplete performance of the contract.[2]
Further, it is our determination that the trial court was correct in the amount of the total cost to repair awarded the defendant as damages although the calculation upon which the decision was made is not indicated. The trial judge had before him the total cost to repair as an ascertained sum and was in a position to determine how much of this sum should be awarded the defendants as damages. In making this determination we have followed the principle that a decree comes to this court with a presumption of correctness and would be upheld if valid grounds exist therefor. And, that the trial judge will be sustained if his ruling is correct regardless of the route traveled or the reasons assigned for the ruling.[3]
The defendants also argue that it was error not to award them damages in the amount of $2,520.00 representing the cost incurred in having another contractor remove the hard strata of rock encountered during the excavation. As the contract with the plaintiff was paid on an hourly basis, we are unable to determine and the defendants have not shown in what manner they were damaged by hiring a separate contractor to perform a portion of the work.
Having found no error the decree appealed from is affirmed.
Affirmed.
NOTES
[1] Davis v. Stow, Fla. 1952, 60 So.2d 630.
[2] Poranski v. Millings, Fla. 1955, 82 So.2d 675.
[3] Dean v. First Trust & Savings Co., 159 Fla. 519, 32 So.2d 249 (1947); Chase v. Cowart, Fla. 1958, 102 So.2d 147.