360 So.2d 1098 (1978)
Norman J. SMITH, Appellant,
v.
LUMBERMEN's MUTUAL CASUALTY COMPANY, an Illinois Corporation, Don B. Sumner and Scott L. Sumner, Appellees.
LUMBERMEN'S MUTUAL CASUALTY COMPANY, an Illinois Corporation, Don B. Sumner and Scott L. Sumner, Appellants,
v.
Norman J. Smith, Appellee.
Nos. DD-137, DD-178.
District Court of Appeal of Florida, First District.
June 16, 1978.
Rehearing Denied July 27, 1978.
*1099 Anthony I. Provitola of Provitola & McDermott, De Land, for Norman J. Smith.
C. Chobee Ebbets of Gosney, Cameron & Parsons, Daytona Beach, for Lumbermen's Mut. Cas. Co. et al.
MILLS, Judge.
Smith appeals from a final judgment entered in his favor following a jury trial in an automobile personal injury case. The jury determined that Smith's total damages were $36,575. However, because it found that Smith was guilty of ninety percent of the negligence causing the accident, it returned a verdict of only $3,667.50 for him. Smith contends the trial court erred in refusing to instruct the jury on Section 316.196(1), Florida Statutes (1973), in conjunction with Florida Standard Jury Instruction 4.11. We agree and reverse.
Smith was driving his automobile westward across a bridge when he had a side-to-side collision with half of a double-wide portable classroom which was being towed by the Sumners' employee in an easterly direction across the bridge. Each of the two lanes on the bridge was nine feet wide. There was testimony that the half classroom was approximately twelve feet wide and that it extended approximately two and one-half feet into the westbound lane. The evidence was undisputed that the half classroom was over ninety-six inches wide.
The investigating state trooper could not recall whether the Sumners' employee had a permit to transport an overwidth load but he did not cite the driver for not having a permit.
Section 316.196(1), Florida Statutes (1973), provides that the total outside width of any vehicle driven or moved on Florida highways shall not exceed ninety-six inches. Section 316.009, Florida Statutes (1973), permits a vehicle over ninety-six inches wide to be driven or moved over Florida highways, provided, the driver has a permit issued by the State Department of Transportation which describes the vehicle and the highways over which it will travel.
A party is entitled to have the jury instructed on his theory of the case *1100 when there is substantial evidence supporting the theory. Menard v. O'Malley, 327 So.2d 905 (Fla.3d DCA 1976). It is undisputed that the half classroom exceeded the maximum width permitted by Section 316.196(1). This was the theory of Smith's case. It was supported by substantial evidence. The trial court should have given the requested instruction.
The Sumners' argument that the court's refusal to give the requested instruction was not error because they had a permit to move the overwidth half classroom over the highway is not supported by the record furnished us. The trooper's testimony concerning the permit is inconclusive and does not show compliance with Section 316.009. Although the Sumners argue that the deposition testimony of Don Sumner establishes that the Sumners had a permit, the record does not contain a copy of the deposition nor does the trial transcript contain any such testimony.
Smith asks that we remand this case for a new trial on the sole issue of liability. We do so because the damage issue has been settled by a trial in which no reversible error appears as to damages. There is no need for the parties to incur the expense of a retrial on damages where liability is a separable issue. Fla.R.Civ.P. 1.530(a).
The issues raised by the Sumners on cross-appeal are without merit and do not require a discussion.
Reversed and remanded for a new trial on the sole issue of liability.
McCORD, C.J., and BOYER, J., concur.

ON PETITION FOR REHEARING DENIED
MILLS, Judge.
Simultaneously with the filing of their petition for rehearing, appellees, Lumbermen's Mutual Casualty Company, Don B. Sumner and Scott L. Sumner, have filed a motion to amend record which we have granted. We now have before us the depositions of appellees Don and Scott Sumner which were not a part of the record when our opinion was written and released.
Our consideration of the depositions does not alter our opinion. The trial transcript furnished us does not show that the depositions were read to the jury at the trial. Even if they were read to the jury, the deposition of Don Sumner does no more than raise an issue as to whether the Sumners had a permit as required by Section 316.196(1), Florida Statutes (1973). This supports the theory of appellant Norman J. Smith's case, thus requiring the trial court to instruct the jury on this issue. The failure to so instruct was harmful error.
The petition for rehearing is denied.
McCORD, C.J., and BOYER, J., concur.