PETERSON, Judge.
Pic N' Save West Florida Corp., Inc., (Pic) appeals a final judgment entered in accordance with a jury verdict finding it 60 *314 percent negligent and the plaintiff/appel-lee, Raymond L. Sprague, 40 percent negligent. Sprague, whose left leg was amputated several weeks before the accident leading to this litigation, was attempting to enter Pic’s supermarket while on crutches. To nudge open the aluminum-framed glass door, Sprague used his hands and shoulder in a series of movements, including using the tip of his crutch, to restrain the door from closing as he was opening it wider. He testified that, when the door was nearly fully open, he gave it a hard push to give himself time to get through the door before it returned to a closed position. He alleges that the last nudge caused the door to hit part of the framework behind the door and bounce back rapidly, resulting in his being knocked to the floor and injuring his shoulder.
The only standard of care that Sprague attempted to introduce was contained in a 1980 version of the American National Standards Institute, Standards for Making Buildings and Facilities Accessible to and Viable by the Physically Handicapped (ANSI A117.1). Paragraph 4.13.10 of this ANSI standard, which describes operation of doors equipped with door closures, was discussed by the Sprague’s safety expert over the objection of Pic’s counsel. Pic’s objection was that section 553.46, Florida Statutes (1989), requiring at least one entrance of a business, establishment to conform to ANSI A117.1 exempts buildings constructed prior to October 1, 1974. It was undisputed that Pic’s building predated this important date. The ANSI standard was not relevant to this building, and the operation of the door closure installed on Pic’s building did not have to conform in any detail with the standard.
The trial court responded to Pic’s objection by allowing the witness to testify as to the standards, but by requiring him to make it clear that the standards were not in effect when the building was built and were not applicable. A copy of the ANSI standard was marked for identification, but the trial court would not admit it into evidence or allow its publication to the jury.
Sprague’s safety consultant followed the trial court’s instructions by stating, “I need to make it clear at this point, however, that this was adopted into Florida law after the construction of this building and does not have any legal bearing on this case or obligations.” Pic’s attorney objected to this testimony as constituting a legal conclusion. The trial court then commented to the jury, “Well, these standards were not in effect when this building was constructed and do not apply to this building.” Thereafter, the safety consultant testified extensively as to the purpose of the ANSI standard, what the standard provided, and how the standard applied to the operation of Pic’s door during a test conducted several months after the accident. Later, during the jury charge conference, Pic specifically requested that the trial court instruct the jury on the inapplicability of the ANSI standard, but the request was denied. The trial court never did directly instruct the jury as to the inapplicability of the standard or the reason for allowing extensive testimony concerning an inapplicable ANSI standard.
The allowance of the testimony was error. There was no reason to confuse the jury by allowing them to hear extensive testimony about an inapplicable standard of care. In the absence of any other testimony of a standard of care, it is reasonable to assume that they were influenced by the ANSI standard in arriving at their verdict. Improper admission of industry standards has been held harmless where there was other competent substantial evidence of negligence. Cadillac Fairview of Fla., Inc. v. Cespedes, 468 So.2d 417 (Fla. 3d DCA), rev. denied, 479 So.2d 117 (Fla.1985). In the instant case, such substantial evidence was absent.
We vacate the judgment and remand for a new trial.
Judgment VACATED; REMANDED.
COWART, J„ and ANTOON, J., II, Associate Judge, concur.
*315 ON MOTION FOR CLARIFICATION
PETERSON, Judge.
Pic N’ Save West Florida Corp., Inc., moves for clarification of our order remanding for new trial for the reason that it sought relief in the form of a new trial on the issue of liability only. We grant the motion and remand for new trial on the issue of liability only. Smith v. Lumberman’s Mutual Casualty Co., 360 So.2d 1098 (Fla. 1st DCA 1978); § 59.35, Fla.Stat. (1989).
COWART, J., and ANTOON, J., II, Associate Judge, concur.